# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NO. 2025 CA 0915

## RICHARD PRICE CONTRACTING CO., LLC

## VERSUS

## THE CITY OF BATON ROUGE AND
## THE PARISH OF EAST BATON ROUGE

Judgment Rendered:  OCT 2 0 2025

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. C764413

The Honorable Tarvald A. Smith, Judge Presiding

* * * * *

| | |
|---|---|
| John T. Andrishok<br>Bethany Breaux Percle<br>Baton Rouge, Louisiana | Attorneys for Plaintiff/Appellee,<br>Richard Price Contracting<br>Company, LLC |
| Melanie Newkome Jones<br>Special Assistant Parish Attorney<br>Baton Rouge, Louisiana | Attorney for Defendants/Appellants,<br>City of Baton Rouge/Parish of East<br>Baton Rouge |
| Douglass F. Wynne, Jr.<br>Ruth Ann Reeves<br>New Orleans, Louisiana | Attorneys for Intervenor/Appellant,<br>Command Construction Industries, LLC |

* * * * *

BEFORE: LANIER, HESTER, AND MILLER, JJ.

**MILLER, J.**

Defendants/Appellants, City of Baton Rouge and Parish of East Baton Rouge ("City/Parish"), and Intervenor/Appellant, Command Construction Industries, LLC ("Command"), appeal a judgment wherein the trial court granted preliminary and permanent injunctions in favor of Plaintiff/Appellee, Richard Price Contracting Co., LLC ("RPC"), and against City/Parish, and issued a writ of mandamus directing City/Parish to enter into a contract with RPC. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In March and April 2025, City/Parish solicited bids for a construction project named "Old Hammond Highway – Segment 1, S. Flannery to Goodwood, City Parish Project No. 12-CS-HC-0043A-5" ("the project"). The project was described as "[a]sphalt concrete pavement, portland cement concrete pavement, base course, drainage structures, grading, and bridge." Four bids were received in response to City/Parish's solicitation. RPC submitted the lowest bid of $6,304,932.56, and Command submitted the second lowest bid of $6,553,099.50.

On May 14, 2025, the City/Parish Metropolitan Council accepted RPC's bid, and RPC was awarded the contract. Thereafter, on May 19, 2025, Command submitted a bid protest, contending that RPC submitted a non-responsive bid for the project by failing to include the "Bidder's Organization" form and by submitting a defective corporate resolution that misidentified its business structure. After receipt of Command's bid protest, the Parish Attorney appointed a committee to review Command's protest and the position papers submitted by both RPC and Command.[1] Thereafter, the committee determined that RPC's bid was non-responsive for its failure to include the "Bidder's Organization" form in its bid submission. The committee also found that, in light of its determination that RPC's bid was non-

---

[1] We note that the committee consisted of a representative from the Office of the Parish Attorney, the Chief Program Analyst, and the Director of Information Services.

responsive, Command's second allegation regarding the defective corporate resolution was moot.

On June 11, 2025, RPC filed a petition seeking preliminary, permanent, and mandatory injunctions and a writ of mandamus or, in the alternative, damages. RPC alleged that it was entitled to receive injunctive relief enjoining, prohibiting, and restraining City/Parish from rescinding its acceptance of RPC's low bid or taking any action to award, execute, or perform a contract between City/Parish and any other bidder. Further, RPC contended that it was entitled to a writ of mandamus directing City/Parish to issue and execute the contract naming RPC as the lowest responsible bidder. Additionally, RPC sought an award of all costs incurred, including attorney fees and expert fees. In the alternative, RPC alleged that it was entitled to recover any and all reasonable damages, including lost profits sustained as a result of City/Parish's failure and refusal to award the contract to RPC. In response, City/Parish filed an answer to RPC's petition and alleged affirmative defenses.[2]

On June 23, 2025, Command filed an unopposed motion for leave of court to file a petition of intervention, which was granted by the trial court. In its petition, Command alleged that it was the proper lowest responsive bidder for the project and prayed for a judgment in its favor and against RPC.

A hearing was held on RPC's motion for preliminary injunction, permanent injunction, and writ of mandamus[3] on July 21, 2025.[4] At the conclusion of the

---

[2] City/Parish plead "estoppel, failure to mitigate damages and all other affirmative defenses available under the law[.]" Further, City/Parish averred immunity from a judgment for damages and entitlement to all statutory immunities from liability and limitations of liability.

[3] The parties expressly agreed to convert the entire proceeding to an ordinary proceeding, so all the issues, including injunctive relief and the request for a writ of mandamus, could be tried at one time. See City of Hammond v. Parish of Tangipahoa, 2007-0574 (La. App. 1st Cir. 3/26/08), 985 So. 2d 171, 175 n.4.

[4] At the beginning of the hearing, RPC and City/Parish introduced twenty-five joint exhibits. The stipulated exhibits included: (1) the advertisement for the project; (2) the bid documents; (3) the addendum to the bid documents; (4) the notice to contractors; (5) part one of

hearing, the trial court found that the alleged deficiencies in the bid documents fell outside of the state and federal requirements and that RPC's bid was thus responsive. Accordingly, the trial court granted injunctive relief and a writ of mandamus in favor of RPC. The trial court signed a judgment to that effect on August 6, 2025.[5] City/Parish and Command ("Appellants") appealed, contending the trial court erred in finding RPC's bid responsive and in granting RPC's request for preliminary injunction, permanent injunction, and mandamus relief.

## DISCUSSION

Louisiana's Public Bid Law is set forth in La. R.S. 38:2211, *et seq*. The Public Bid Law is a prohibitory law founded on public policy. Terrebonne Parish School Board v. Group Contractors, LLC, 2023-1339 (La. App. 1st Cir. 1/31/25), 406 So. 3d 470, 474. Louisiana Revised Statutes 38:2212(A)(1)(a) mandates that all public work exceeding the defined contract limit as set forth in La. R.S. 38:2212(C)(1) be advertised and let by contract to the "lowest responsible and responsive bidder."[6]

---

the bid forms; (6) the central bidding submissions; (7) the bid opening and tabulation form; (8) the Metropolitan Council's resolution; (9) Command's bid proposal packet; (10) RPC's bid proposal packet; (11) Denley Brown's bid proposal packet; (12) RNGD Infrastructure, LLC's bid proposal packet; (13) RPC's post-bid documents; (14) Command's public records request; (16) the 1997 Standard Specifications for Public Works Construction; (17) Command's protest; (18) RPC's opposition to Command's protest; (19) City/Parish's ruling; (20) RPC's appeal of City/Parish's ruling; (21) Command's response to RPC's appeal; (22) an email denying RPC's appeal; (23) Command's thirty-day extension letter; (24) Command's second thirty-day extension letter; (25) the Metropolitan Council's meeting minutes; and (26) a Secretary of State print out regarding RPC.[4] Thereafter, Command introduced the affidavit of Michelle France, along with the attached exhibits labeled one through sixteen, and the affidavit of Philip Gore, along with one attached exhibit. Further, City/Parish, RPC, and Command each introduced their own documents and pleadings that were filed in the record. Additionally, the parties introduced written stipulations of facts and exhibits. All of the exhibits were accepted by the trial court with no objection.

[5] The trial court granted RPC's request for preliminary injunction in favor of RPC and against City/Parish, enjoining, prohibiting, restraining, and forbidding City/Parish from rescinding the award of the project to RPC or awarding, executing, or implementing a contract between City/Parish and any other bidder for the project and mandating that City/Parish issue and execute a contract with RPC pertaining to the project. The trial court additionally ordered that the ruling on the preliminary injunction be made permanent for all purposes. Further, the trial court ordered a writ of mandamus to be issued against City/Parish, ordering and directing City/Parish to issue, enter into, and execute a contract with RPC with respect to the project.

[6] As defined in La. R.S. 38:2211(A)(13), "public work" refers to the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. "Public entity" means and includes any political subdivision of the state,

4

The Public Bid Law serves the dual purposes of eliminating fraud and favoritism and securing free and unrestricted competition among bidders, thereby avoiding undue or excessive costs. Lathan v. City of Gonzales through Arceneaux, 2021-0825 (La. App. 1st Cir. 2/25/22), 340 So. 3d 1146, 1149. A political entity has no authority to take any action that is inconsistent with Louisiana's Public Bid Law. Terrebonne Parish School Board, 406 So. 3d at 474. No public work may be let except as provided in the Public Bid Law, and any contravention of its provisions renders the resulting contract null and void. See La. R.S. 38:2220(A).

Louisiana Revised Statutes 38:2212(A)(1)(a) provides, in pertinent part:

> All public work exceeding the contract limit as defined in this Section, including labor and materials, to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder who bid according to the bidding documents[7] as advertised, and no such public work shall be done except as provided in this Part.

In this sense, the Public Bid Law severely curtails the discretion of the public entity, thereby ensuring a level playing field for all bidders and a fair and equitable means by which competing bids might be evaluated to determine the lowest responsible and responsive bidder. Leblanc Marine, L.L.C. v. Division of Administration, Office of Facility Planning & Control, 2019-0053 (La. 10/22/19), 286 So. 3d 391, 396. In furtherance of this policy, one bidder cannot be provided an advantage over another bidder due to a waiver of the bid requirements. See Lathan, 340 So. 3d at 1149.

Further, La. R.S. 38:2212(B)(2) states that any public entity advertising for public work shall use only the Louisiana Uniform Bid Form as promulgated in accordance with the Administrative Procedure Act by the division of administration,

---

including but not limited to any political subdivision as defined in Article VI Section 44 of the Constitution of Louisiana. La. R.S. 38:2211(A)(12).

[7] "Bidding documents" are defined in La. R.S. 38:2211(A)(2) as "the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract."

office of facility planning and control. The statute contains an exclusive listing of twelve items of information and/or documentation that a public entity may require at the time of bidding. See La. R.S. 38:2212(B)(2); see Byron E. Talbot Contractor, Inc. v. Lafourche Parish School Board, 2021-0181 (La. App. 1st Cir. 11/1/21), 332 So. 3d 699, 705 (stating "As set forth in La. R.S. 38:2212(B)(2), the [school board] could only require twelve items in its bidding documents in order for a bid to be responsive. The identification of the architect is not one of the twelve items listed in La. R.S. 38:2212(B)(2); thus, the [school board's] bid advertisement requiring the identification of the architect on the bid envelope was in violation of the Public Bid Law."); see also Core Construction Services, L.L.C. v. Division of Administration, Department of Facility Planning and Control, 2019-0857, 2019-0858 (La. App. 1st Cir. 8/5/20), 310 So. 3d 569, 575, writs denied, 2020-01079, 2020-01088 (La. 11/24/20), 305 So. 3d 103, 105 (citing Durr Heavy Construction, LLC v. City of New Orleans, 2016-609 (La. 4/15/16), 189 So. 3d 384, 386 (C.J. Johnson, concurring)).

This exclusive twelve-item list of information and/or documentation provided in La. R.S. 38:2212(B)(2) includes: (1) Bid Security or Bid Bond; (2) Acknowledgment of Addenda; (3) Base Bid; (4) Alternates; (5) Signature of Bidder; (6) Name of Bidder; (7) Title of Bidder; (8) Address of Bidder; (9) Name of Firm or Joint Venture; (10) Corporate Resolution or written evidence of the authority of the person signing the bid; (11) Louisiana Contractors License Number; and (12) on public works projects where unit prices are utilized, a section on the bid form where the unit price utilized in the bid are to be set forth including a description for each unit; however, unit prices shall not be utilized for the construction of building projects, unless the unit prices and their extensions are incorporated into the base bid or alternates. Byron E. Talbot Contractor, Inc., 332 So. 3d at 704-705. Additionally, if a public entity adds any additional requirements for information, unless mandated

6

by state or federal law, the requirements shall be void and not considered in the award of the contract. La. R.S. 38:2212(B)(2). The provisions and requirements of the Public Bid Law, as well as those stated in the bidding documents, shall not be waived by any public entity. La. R.S. 38:2212(B)(1).

With these precepts in mind, we now turn to Appellants' arguments that the trial court erred in granting RPC's request for preliminary injunction, permanent injunction, and mandamus relief. In doing so, we must determine whether the trial court correctly found that RPC's bid was responsive.

As set forth in the City/Parish's "Uniform Construction Bid Forms[,]" the instructions for submitting a bid on the project included:

1. Submit "PART 1A, BID FORMS REQUIRED BY STATUTE OR BY THE LOUISIANA ADMINISTRATIVE CODE" prior to the opening of bids.

2. Submit "PART 1, BID FORMS" only as your bid.

3. Retain "PART 2, SPECIAL PROVISIONS AND CONTRACT DOCUMENTS" for your records.

Included in the City/Parish bid forms were the "Louisiana Uniform Public Work Bid Form[,]" the "Bidder's Organization" form, the "Corporate Resolution" form, the "Bid Bond" form, and the "Louisiana Uniform Public Works Bid Form Unit Price Form[.]"The forms were numbered as follows: "Louisiana Uniform Public Work Bid Form" - "UCBF 1 of 4[,]" the "Bidder's Organization" form - "UCBF 2 of 4[,]", the "Corporate Resolution" form - "UCBF 3 of 4[,]" and the "Bid Bond" form - "UCBF 4 of 4[.]"[8]

Legislation is the solemn expression of the legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. Byron E. Talbot Contractor, Inc., 332 So. 3d at 704. The starting point for interpretation of

---

[8] We note that the "Louisiana Uniform Public Works Bid Form Unit Price Form" is not numbered in the same sequence as the first four forms. That form is numbered "Page 1 of 13" through "Page 13 of 13[.]"

any statute is the language of the statute itself. Id. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9. Further, a statute must be interpreted and applied in a manner consistent with logic and the presumed fair purpose and intention of the legislature in passing it. Asante-Chioke v. Hodges, 2024-1302 (La. App. 1st Cir. 5/30/25), ____ So. 3d ____, ____, 2025 WL 1559544, *8.

Initially, we note that the bid forms used by City/Parish do not track, in their entirety, the forms published in the Louisiana Administrative Code under Title 34, Government Contracts, Procurement and Property Control. See LAC 34:III.313. The forms provided in the Administrative Code consist of the "Louisiana Uniform Public Work Bid Form" and the "Louisiana Uniform Public Works Bid Form Unit Price Form[.]" The "Bidder's Organization" form and the "Corporate Resolution" form are not included in the Administrative Code.

It is undisputed that RPC did not submit the "Bidder's Organization" form with its bid. Appellants assert that RPC's omission of the "Bidder's Organization" form makes its bid nonresponsive. In contrast, RPC contends that the "Bidder's Organization" form is not contained in the list of items under La. R.S. 38:2212(B)(2) that can be mandated at the time of the bid, so it is a void requirement and should not be considered in the award of the contract.

First, we note that the "Bidder's Organization" form states, "If the bid is by joint venture all parties to the bid must complete this form[.]" Here, RPC's bid did not involve a joint venture, so it appears that RPC was not required to fill out the form pursuant to the instructions provided on the form itself. In addition, the "Bidder's Organization" form elicits information as to whether each business participating in the joint venture is an individual, a partnership, a limited liability company, or a corporation. Under each of those categories, there are blanks to

8

indicate the name, address, telephone number, fax number, cell phone number, and email address, among other things, for the individual or entity. The "Bidder's Organization" form is not contained in the list of items, under La. R.S. 38:2212(B)(2), that can be mandated at the time of the bid. While the form elicits some information that a public entity may require at the time of bidding under La. R.S. 38:2212(B)(2), the exact same information was requested by City/Parish and provided by RPC on the "Louisiana Uniform Public Work Bid Form[.]" Accordingly, we find that City/Parish's demand for the "Bidder's Organization" form is a void requirement and may not be considered in the award of the contract. See La. R.S. 38:2212(B)(1).

Appellants next argue that the "Corporate Resolution" form submitted by RPC in its bid is defective and that RPC did not submit sufficient documentary evidence establishing the signatory's authority under La. R.S. 38:2212(B)(5). On the other hand, RPC asserts that it submitted its bid in strict accordance with the instructions set forth on the bid form because the manager and member of RPC signed the bid form and disclosed his position as manager.

The "Corporate Resolution" form was included within the bid documents provided by City/Parish. The bottom of the "Louisiana Uniform Public Work Bid Form" states, "If someone other than a corporate officer signs for the Bidder/Contractor, a copy of a corporate resolution or other signature authorization shall be required for submission of bid." Clearly, what is required for a corporation to enter into a contract differs from what is required from a limited liability company. RPC filled out the "Corporate Resolution" form provided by City/Parish. RPC indicated on the form that the name of the business is "Richard Price Contracting,

9

Co., LLC" and that the person authorized to submit proposals and execute agreements is "Richard E. Price, Manager[.]"[9]

After thorough review, we find that RPC's bid complied with the statutory requirements under La. R.S. 38:2212(B)(5)(a),[10] in that Richard Price's authority as a manager of RPC is firmly established in spite of his use of the ill-fitting form provided in City/Parish's bid materials. See Core Construction Services, L.L.C., 310 So. 3d at 577. Further, RPC's attempt to fill out the "Corporate Resolution" form does not render its bid non-responsive, as it is clear that RPC is a limited liability company and that Richard Price is the manager. Therefore, we find that RPC's bid is responsive and that the trial court did not err in granting RPC's request for preliminary injunction, permanent injunction, and writ of mandamus directing City/Parish to issue, enter into, and execute a contract with RPC with respect to the project.

## CONCLUSION

For the above and foregoing reasons, the August 6, 2025 judgment of the trial court granting Richard Price Contracting Co., LLC's motion for preliminary

---

[9] We note that Louisiana Revised Statutes 12:1317(A) provides,

Each member, if management is reserved to the members, or manager, if management is vested in one or more managers pursuant to R.S. 12:1312, is a mandatary of the limited liability company for all matters in the ordinary course of its business other than the alienation, lease, or encumbrance of its immovables, unless such mandate is restricted or enlarged in the articles of organization or unless such member or manager lacks the authority to act for the limited liability company and the person with whom he is dealing has knowledge of the fact that he lacks such authority.

[10] Louisiana Revised Statutes 38:2212(B)(5) provides, in part:

Written evidence of the authority of the person signing the bid for public works shall be submitted at the time of bidding. The authority of the signature of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:

(a) The signature on the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a partnership, limited liability company, limited liability partnership, or other legal entity listed in the most current business records on file with the secretary of state.

10

injunction, permanent injunction, and writ of mandamus in favor of Richard Price Contracting Co., LLC and against City of Baton Rouge and Parish of East Baton Rouge is affirmed. Costs of this appeal in the amount of $4,014.00 are assessed against City of Baton Rouge and Parish of East Baton Rouge.

**AFFIRMED.**